# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:90-CR-85-FDW-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ORRIN L. JACKSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes now before the Court on Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) filed on July 23, 2007 (Doc. No. 7). Defendant asks this Court to give retroactive effect to Amendment 505 of the United States Sentencing Guidelines. For the reasons stated below, this Court declines to exercise its discretion to reduce Defendant's sentence and therefore denies his motion.

The United States Sentencing Commission adopted Amendment 505 to the Sentencing Guidelines on November 1, 1994. The effect of Amendment 505 was to reduce the maximum base offense level dictated by the Drug Quantity table from level 42 to level 38. The Commission provided under U.S.S.G. § 1B1.10 (1998) that Amendment 505 would be retroactive in effect. This Court, under 18 U.S.C. § 3582(c)(2), may reduce a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Section 3582(c)(2) is discretionary and instructs the court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." This does not mean, however, that this Court is required to address each § 3553(a) factor on the

record. See United States v. Legree, 205 F.3d 724, 727-28 (4th Cir. 2000). The United States Court of Appeals for the Fourth Circuit has held that such a "ritualistic incantation" is unnecessary. Id. at 728. Rather, "[i]t is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling." Id. (quoting United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995)); see also United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998) (stating that such a mandatory listing would change sentencing into a "hyper-technical exercise devoid of common sense," something Congress never intended). Finally, this Court need not hold a hearing when considering a § 3582(c) motion. Legree, 205 F.3d at 730.

Having reviewed the record in this case in light of the § 3553(a) factors, this Court hereby determines that Defendant's sentence was correct and that any reduction would be inappropriate. Although the Court considered all the factors as they relate to the Defendant, the Court makes special note of § 3553(a)(2), which states that the court shall consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . [and] (C) to protect the public from further crimes of the defendant." Defendant Jackson was found guilty on fourteen (14) felony counts by a jury of his peers. According to the Presentence Report, he was ranked third in culpability in a drug-trafficking organization that "used and carried assault rifles, pump shotguns, Uzi's, destructive devices and other weapons to enforce discipline, collect debts, intimidate rival dealers, protect the organization's resources and establish a reputation for violence." Accordingly, it is the opinion of this Court that the seriousness and multiplicity of the crimes for which Defendant was found guilty, when coupled with the public's continued interest in being protected from this Defendant, mitigate against a sentence reduction in this case.

Therefore, the Court, exercising its discretion under 18 U.S.C. § 3582(c)(2), declines to reduce Defendant's sentence. Defendant's motion is DENIED.

IT IS SO ORDERED.				Signed: October 5, 2007

Frank D. Whitney
United States District Judge