# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:90cr85-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| ORRIN LAMAR JACKSON. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* Rule 36(a) Motion for Correction of Clerical Error and/or Motion for Reconsideration [Doc. 27], filed February 19, 2009.

The Defendant, through counsel, previously filed a motion to reduce his sentence based on Amendment 706, the Crack Cocaine Guideline Amendment. The Probation Office declined to recommend a reduction due to the manner in which the sentencing court structured its sentence. In essence, it was impossible to determine the exact sentence imposed on the Defendant for the drug charges as opposed to the firearms charges because the court imposed an aggregate sentence of 1,180 months. Due to the age of the case, the judgment was unavailable and the appellate

decision referred merely to a sentence of 98 years and 4 months. United States v. Jackson, 953 F.2d 640 (4th Cir. 1992).

While the Government conceded that the Defendant was entitled to a sentence reduction pursuant to the Crack Cocaine Amendment, it also was at a loss to explain what portion of the 1,180 month sentence was attributable to the drug charges. [Doc. 25]. Presuming that each of the 12 convictions pursuant to 18 U.S.C. §924(c) carried a consecutive sentence of 5 years, the undersigned concluded that the court had sentenced the Defendant to serve 720 months on the firearms charges and 460 months on the drug charges. [Doc. 26].

The Defendant has moved to reconsider and has attached to the motion portions of his sentencing transcript.[1] [Doc. 27]. In fact, the Defendant's position is borne out by the transcript. The sentencing court sentenced Orrin Jackson on Counts 1 and 21 to 400 months imprisonment. [Doc. 27, at 7]. He then imposed a consecutive sentence of 780 months for the 12 §924(c) convictions, noting that the total sentence was 1,180 months imprisonment. [Id., at 8].

The Court therefore finds that the motion to reconsider should be

---

[1] Although the document is not authenticated, the Government has not objected to it.

granted.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Rule 36(a) Motion for Correction of Clerical Error [Doc. 27] is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Defendant's *pro se* Motion for Reconsideration [Doc. 27] is hereby **GRANTED** and the Defendant's previously imposed sentence of 400 months for Counts 1 and 21 is hereby reduced to 275 months and the Defendant's previously imposed sentence for firearms convictions remains 780 months with the Defendant's total sentence being adjusted from 1,180 months to 1,055 months with all other terms and provisions of the Order entered February 10, 2009 and the Judgment entered November 26, 1990 to remain the same. A corrected Order pursuant to 18 USC §3582(c)(2) is being entered contemporaneously herewith.

Signed: April 6, 2009

Martin Reidinger
United States District Judge